[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14027
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00291-SCJ-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMIE ROLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 5, 2019)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Defendant Dr. Romie Roland, a licensed physician employed at a pain management clinic, prescribed Schedule II controlled substances, such as oxycodone and morphine, to patients without conducting proper examinations and without a legitimate medical purpose.  After a jury trial, Dr. Roland was convicted of one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), and (b)(2), and seven counts of unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), and (b)(2), and received a 130-month total sentence.

In Dr. Roland's first appeal, this Court affirmed his convictions, but vacated his 130-month sentence and remanded to the district court to resentence him without a 2-level firearm adjustment under U.S.S.G. § 2D1.1(b)(1).  See United States v. Roland, 737 F. App'x 484, 509 (11th Cir. 2018).  With the firearm adjustment, Roland's advisory guidelines range was 235 to 293 months, and without the firearm adjustment, his advisory guidelines range was 188 to 235 months.

On remand, the district court held a new sentencing hearing, after which it again imposed a 130-month sentence.  In this second appeal, Dr. Roland argues that his sentence is procedurally unreasonable because the district court failed to explain the basis for its chosen sentence and substantively unreasonable because it creates an unwarranted sentencing disparity with similarly situated doctors who

2

committed the same offense in the same district.  After review, we conclude that

Dr. Roland's sentence is procedurally and substantively reasonable and affirm.

## I.    GENERAL PRINCIPLES

We review the reasonableness of a sentence for an abuse of discretion using

a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

We look first at whether the district court committed any significant procedural

error, such as miscalculating the advisory guidelines range, treating the guidelines

as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to explain adequately the

chosen sentence.  Id.

Then, we examine whether the sentence is substantively unreasonable under

the totality of the circumstances.  Id.  The party who challenges the sentence bears

the burden to show that the sentence is unreasonable in light of the record and the

§ 3553(a) factors.[1]  Id. at 1189.  A court can abuse its discretion when it (1) fails to

consider relevant factors that were due significant weight, (2) gives an improper or

irrelevant factor significant weight, or (3) commits a clear error of judgment by

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

balancing the proper factors unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. Pugh, 515 F.3d at 1191. The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). This Court will only vacate a sentence if it is "'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" Irey, 612 F.3d at 1190 (quoting Pugh, 515 F.3d at 1191).

## II. DR. ROLAND'S CLAIMS

### A. Procedural Reasonableness

Dr. Roland argues that his 130-month sentence is procedurally unreasonable because the district court failed to explain why it chose a sentence that was higher than the sentence recommended by either the defense (103 months) or the government (120 months).

To allow for meaningful appellate review, the district court must state in open court the reasons for imposing a particular sentence, and, if the chosen sentence is outside the advisory guidelines range, the court must state "the specific reason" for the variance. See 18 U.S.C. § 3553(c)(2); United States v. Livesay,

525 F.3d 1081, 1090 (11th Cir. 2008).  Although the district court must consider the § 3553(a) sentencing factors, it need not discuss each factor on the record and an acknowledgment that the court has considered the factors generally will suffice. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).  The district court's explanation may be brief if the context and the record indicate the reasoning behind the chosen sentence.  Irey, 612 F.3d at 1195.  The explanation is sufficient if the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks omitted).[2]

Here, the record does not support Dr. Roland's claim that the district court failed to adequately explain its decision to impose a 130-month sentence.  At the original sentencing hearing, the district court noted Dr. Roland's culpability as a medical doctor who, despite his awareness of the dangers of opioid abuse, and despite his oath to do no harm, prescribed opioids for no legitimate medical purpose.  The district court explained that it took all of the 18 U.S.C. § 3553(a) factors into consideration, but focused particularly on the seriousness of the

---

[2]This Court reviews de novo whether the district court sufficiently explained its chosen sentence under § 3553(c).  United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).

offense, given the amount of harm Dr. Roland inflicted on the people who visited the clinic.

On remand, the district court stated that it still believed 130 months was the appropriate sentence, even without the 2-level firearm enhancement. The district court stated that it had considered the § 3553(a) factors, all the evidence at trial, Dr. Roland's sentencing memorandum, the arguments at both sentencing hearings, and the letters and statements from Dr. Roland's supporters. The district court then held a supplemental hearing to explain that it rejected Dr. Roland's sentencing disparity arguments because the circumstances of the other doctors to whom Dr. Roland had pointed were different, making comparisons to those doctors unfair. In particular, the district court noted that the disparities in sentences were explainable by other factors such as reductions for providing substantial assistance to the government. Under the circumstances, the district court's explanation was amply sufficient to show that it had considered the parties' arguments and had a reasoned basis for exercising its own legal authority. See Ghertler, 605 F.3d at 1262.

The district court sufficiently explained its reasons for imposing a 130-month sentence, and Dr. Roland has not shown that his sentence is procedurally unreasonable.

**B.      Substantive Reasonableness**

Dr. Roland also has not met his burden to show that his 130-month sentence is substantively unreasonable.  First, a 130-month sentence is reasonable given the seriousness of Dr. Roland's offenses.  Dr. Roland was a medical doctor, a person in whom society places a great deal of trust, and he profited off the addiction of the people who visited his clinics.

Moreover, Dr. Roland's 130-month sentence amounted to a significant, 58-month downward variance from the recalculated advisory guidelines range of 188 to 235 months' imprisonment and was well below the statutory maximum sentence of twenty years.  See 21 U.S.C. § 841(b)(1)(C); United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that although this Court does not apply a presumption, it ordinarily expects a guidelines sentence to be reasonable); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that the fact that a sentence is well below the applicable statutory maximum is an indication of reasonableness).

Further, Roland did not show that his sentence created an unwarranted sentencing disparity.  Dr. Roland's sentence was two months shorter than the 132-

7

month sentence of his codefendant, Anthony Licata, who opened the clinic and hired Roland, but who pled guilty and testified at Roland's trial.[3]

Dr. Roland argues that his sentence is dramatically out of step with sentences imposed on similarly situated, equally or more culpable doctors who committed the same offense in the same district.  However, out of the seven doctors to whom Roland refers to show a sentencing disparity, all but one pled guilty.  See United States v. Williams, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (concluding that a comparator who received a less severe sentence as a result of a guilty plea and cooperation with the government is not similarly situated and thus cannot show an unwarranted disparity); see also United States v. Mateos, 623 F.3d 1350, 1367 (11th Cir. 2010) (same).  In addition, of the six doctors who pled guilty, one had a binding plea agreement setting a maximum sentence, one benefited from a U.S.S.G. § 5K1.1 motion based on substantial assistance, and one entered a joint sentence recommendation with the government that was below the sentence the district court ultimately imposed.  As to the remaining doctor who, like Dr. Roland, went to trial, his sentence was only 10 months lower than Dr. Roland's, which is not enough, standing alone, to show Dr. Roland's sentence is substantively unreasonable.

---

[3]Licata later received a sentence reduction to 110 months after the government filed a motion pursuant to Federal Rule of Criminal Procedure 35.

Under the totality of the circumstances and § 3553(a) factors, we cannot say the district court abused its discretion in imposing a 130-month sentence.

**AFFIRMED.**